**FILED**

**FEB 24 2015**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

**CIVIL CASE NUMBER** _____

JUAN AGUILAR-CORTEZ,

VS.

Case: 1:15-cv-00271 (F Deck)
Assigned To : Unassigned
Assign. Date : 2/24/2015
Description: Pro Se Gen. Civil

OFFICE OF THE ATTORNEY GENERAL OF THE UNITED STATES, et al.,
Defendants.

**A CIVIL COMPLAINT PURSUANT TO 28 U.S.C. § 1331**

Juan Aguilar-Cortez
pro se litigant
Reg.# 07920-097
U.S. Penitentiary
Victorville Complex
P.O. Box 3900
Adelanto, Ca. 92301

**RECEIVED**

FEB - 2 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**RECEIVED**
Mail Room

FEB - 2 2015

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN AGUILAR-CORTEZ, | ) |
| Plaintiff, | ) |
| VS. | ) Civil Case No. _____ |
| THE OFFICE OF THE ATTORNEY GENERAL OF THE UNITED STATES, et al., | ) |
| Defendants. | ) |

## A CIVIL COMPLAINT PURSUANT TO 28 U.S.C. § 1331

**COMES** now the plaintiff JUAN AGUILAR-CORTEZ proceeding in pro se and alleges his civil rights have been violated by the deliberate and organized practice of the Office of the Attorney General of the United States and the Office of the United States Attorney for the Eastern District of California by utilization of an unjustiable policy punishing him for exercising his right to proceed to jury trial guarnateed under the Sixth Amendment of the Constitution.

### THE COURT'S JURISDICTION

The United States District Court for the District of Columbia has jurisdiction to entertain the plaintiff's calim under 28 U.S.C. §1331. See <u>Montana-Dakota Utilities Co. v. Northwestern Public Service Co.</u>, 341 U.S. 246, 249 (1951).

### THE EQUAL PROTECTION STANDARD

A violation of an individual's civil rights transpires when the government targets an individual for prosecutiom based on a deliberate application of **"an unjustifiable standard"** such as those factors protected under the Constiution for, race, religion

or other **"arbitrary classification."** See <u>United States v. Armstrong</u>, 571 U.S. 456, 464 (1996). An equal protection claim occurs when the government treats someone differently than another similarly situated. See <u>City of Clebume v. Clebume Living Center</u>, 470 U.S. 432, 439 (1985).

It is required by law that the government ...treat all similarly situated people alike. To succeed on such a claim, a plaintiff must demonstrate two specific elements:

(1) The federal prosecution had a **"discriminatory intent."**

(2) The federal prosecution had a **"discriminatory effect."**

See <u>United States v. Armstrong</u>, 571 U.S. 456 at 463-65 (1996).

## FACTS OF THE CASE

Plaintiff JUAN AGUILAR-CORTEZ was indicted by a federal grand jury sitting in the United States District Court for the Eastern District of California under Criminal Case Nos. **95-00020 & 96-00089**. The basis of the indictment was founded on alleged violations of 21 U.S.C. §§ 841, 846, involving the drug methamphetamine. Prior to trial the United States filed a 21 U.S.C. § 851 Notice of Prior Convictions seeking increased punishment in the form of a life sentence. Plaintiff was convicted on all counts of indictment on June 5, 1996, and sentenced to life on November 4, 1996.

## THE STATUTORY LANGUAGE OF TITLE 21 U.S.C. § 851 AND THE INTENT OF CONGRESS

(a) Information filed by United States Attorney

(1) No person who stands convicted of an offense under this

2.

part [21 U.S.C. §§ 841 et seq.] shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or entry of a plea of guilty, the United States Attorney files an information with the court (and serves a copy stating in writing previous convictions to be relied upon). Upon a showing by the United States Attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before the entry of a plea of guilty, the court may postpone a trial or taking of the plea of guilty for a reasonable period for obtaining the facts. Clerical mistake, in the information may be amended at anytime prior to the pronouncement of sentence.

The argument presented in the instant litigation is founded on the government's continual utilization of Title 21 U.S.C. § 851 to seek increased punishment as to the minority of federal criminal defendants who decided to exercise their constitutional guarantee to proceed to trial by jury as opposed to pleading guilty. The discriminatory intent results in a discriminatory effect of a life sentence without the opportunity for release for cases involving no violence.

At first blush, this may simply seem to be the rantings of yet another pro se litigant without judicial suuport. This is not the case. Recently the Honorable John Gleeson of the United States District Court for the Eastern District of New York entered a very detailed analysis of such an abuse of those criminal defendants. This was an objective review by a jurist who recognized the abuses of Title 21 U.S.C. § 851 as to criminal defendants who exercised their right to trial by jury, stating as follows:

> "My point here is that as long as the powers currently conferred on prosecutors to enhance drug trafficking

mandatory minimums exist, they should not be used for the indefensible purposes of coercing guilty pleas and the **PUNISHING OF THOSE WHO GO TO TRIAL." (EMPHASIS ADDED)** See United States v. Kupa, 967 F. Supp. 2d 417 (E.D.N.Y. 2013).

## THE IMPACT OF THE MEMORANDUM OF ATTORNEY GENERAL ERIC HOLDER ON THE UTILIZATION OF TITLE 21 U.S.C. § 851 BY UNITED STATES

The critical question before the Court is whether the change in policy announced by Attorney General Eric Holder was designed to prevent further abises against the minority of the criminal defendants who proceeded to trial by jury who were similaly situated as the non-minorities who elected to plead guilty.

It is undisputed that the government has the right to reward criminal defendants who opt to accept responsibility of guilt and save judicial economy by entering guilty pleas and not proceeding to trial by jury. It has been established that government attorneys enjoy a greater flexibility because the exercise of prosecutional discretion is a **"core executive function."** See United States v. Armstrong, 517 U.S. 456 at 463 (1996). However, that core executive does not give the government the absolute right to use Title 21 U.S.C. § 851 as an extortion tool to intimidate criminal defendants from exercising their constitutional guarantees such as a trial by jury. This is when prejudice raises its uggly head and those individuals become a suspect class who always receive not only dispararte treatment, but also places a burden on their protected

4.

right to trial by a fair and impartial jury to establish guilt or innocence under the Sixth Amendment of the Constitution.

The Court has addressed a change in policy designated to prevent further discrimination against minorities and unequal treatment of non-minorities in Suanders v. White, 191 F. Supp. 2d 95 (D.C. Cir. 2002); recognized by the Court of Appeals at Berkley v. United States, 238 F.3d 1076 (2002).

It is clear that the Justice Department implemented a practice specifically intended to violate equal protection under the Fifth Amendment by utilizing Title 21 U.S.C. § 851 as a weapon to stop criminal defendants from exercising their Sixth Amendment guarantee to trial by jury, as with the case at bar.

Plaintiff should not have been punished for exercising that cornerstone constitutional right of the federal criminal justice process.

It would be difficult to turn a blind eye to the analysis in United States v. Kupa, 976 Fed. Supp.2d 417 (E.D.N.Y. 2013), and the decades of abuse recognized by Attorney General Eric Holder when he issued his 2013 Memorandum to stop both the "discriminatory intent" and "discriminatory effect" as a result of the retaliatory utilization of 21 U.S.C. § 851.

### SPECIFIC RELIEF REQUESTED

Plaintiff requests relief in the form of administrative

relief from the Office of the Attorney General as opposed to damages for the denial of equal protection of the law and a violation of plaintiff's civil rights under the Fifth Amendment of the Constitution.

The specific relief would be as follows:

The Office of the Attorney General would evaluate whetheer the utilization of 21 U.S.C. § 851 is in direct conflict of Attorney General Holder's Memorandum to U.S. Attorney Offices enterd on August 12, 2013.

If the Office of the Attornet General is found to have abused its discretion as to the application of 21 U.S.C. § 851 in the case at bar for retaliation because plaintiff exercised his right to proceed to trial by jury, plaintiff will have the benefit of being resentenced to any sentence that was available at the time of original sentencing without the application of 21 U.S.C. § 851.

## CONCLUSION

Plaintiff prays this Honorable court considers his claim and applies the authorities of law cited within to allow for a correction of the unjustifiable practice imposed on criminal defendants who have been treated differently because they opted to exercise thier constitutional right to jury by trial.

DATED: January 28, 2015
         Adelanto, Ca.

S/ JUAN AGUILAR-CORTEZ
Reg.#07920-097
U.S. Penitentiary
Victorville Complex
P.O. Box 3900
Adelanto, Ca. 92301

6.

## CERTIFICATE OF SERVICE

I, JUAN AGUILAR-CORTEZ do hereby swear that I caused to be served a true and correct copy of the attached Civil Complaint pursuant to 28 U.S.C. § 1331 on the defendants by utilizing the U.S. Mail System, placing said document in a sealed, prepaid envelope addressed to:

        Office of the Attorney General
            of the United States
                Flag Building
              Washington, D.C.
                 20520-0001

DATED: January 28, 2015        S/ *[signature]*
       Adelanto, Ca.             JUAN AGUILAR-CORTEZ

7.



# Office of the Attorney General
## Washington, D. C. 20530

September 24, 2014

TO: DEPARTMENT OF JUSTICE ATTORNEYS

FROM: THE ATTORNEY GENERAL

RE: Guidance Regarding § 851 Enhancements In Plea Negotiations

The Department of Justice's charging policies are clear that in all cases, prosecutors must individually evaluate the unique facts and circumstances and select charges and seek sentences that are fair and proportional based upon this individualized assessment. "Department Policy on Charging and Sentencing," May 10, 2010. The Department provided more specific guidance for charging mandatory minimums and recidivist enhancements in drug cases in the August 12, 2013, "Department Policy on Charging Mandatory Minimum Sentences and Recidivist Enhancements in Certain Drug Cases." That memorandum provides that prosecutors should decline to seek an enhancement pursuant to 21 U.S.C. § 851 unless the "defendant is involved in conduct that makes the case appropriate for severe sanctions," and sets forth factors that prosecutors should consider in making that determination. Whether a defendant is pleading guilty is not one of the factors enumerated in the charging policy. Prosecutors are encouraged to make the § 851 determination at the time the case is charged, or as soon as possible thereafter. An § 851 enhancement should not be used in plea negotiations for the sole or predominant purpose of inducing a defendant to plead guilty. This is consistent with long-standing Department policy that "[c]harges should not be filed simply to exert leverage to induce a plea, nor should charges be abandoned to arrive at a plea bargain that does not reflect the seriousness of the defendant's conduct." "Department Policy on Charging and Sentencing," May 19, 2010.

While the fact that a defendant may or may not exercise his right to a jury trial should ordinarily not govern the determination of whether to file or forego an § 851 enhancement, certain circumstances -- such as new information about the defendant, a reassessment of the strength of the government's case, or recognition of cooperation -- may make it appropriate to forego or dismiss a previously filed § 851 information in connection with a guilty plea. A practice of routinely premising the decision to file an § 851 enhancement solely on whether a defendant is entering a guilty plea, however, is inappropriate and inconsistent with the spirit of the policy.

Memorandum to the United States Attorneys and                                                                                 Page 2
Assistant Attorney General for the Criminal Division

For all these reasons, I am issuing the following policy[2]:

**Continuation of Charging and Sentencing Policies:** Pursuant to my memorandum of May 19, 2010, prosecutors should continue to conduct "an individualized assessment of the extent to which particular charges fit the specific circumstances of the case, are consistent with the purpose of the Federal criminal code, and maximize the impact of Federal resources on crime." While this means that prosecutors "should ordinarily charge the most serious offense that is consistent with the nature of the defendant's conduct, and that is likely to result in a sustainable conviction," the charges always should reflect an individualized assessment and fairly represent the defendant's criminal conduct.

**Certain Mandatory Minimum Sentencing Statutes Based on Drug Quantity:** Prosecutors should continue to ascertain whether a defendant is eligible for any statutory mandatory minimum statute or enhancement. However, in cases involving the applicability of Title 21 mandatory minimum sentences based on drug type and quantity, prosecutors should decline to charge the quantity necessary to trigger a mandatory minimum sentence if the defendant meets each of the following criteria:[3]

- The defendant's relevant conduct does not involve the use of violence, the credible threat of violence, the possession of a weapon, the trafficking of drugs to or with minors, or the death or serious bodily injury of any person;

- The defendant is not an organizer, leader, manager or supervisor of others within a criminal organization;

- The defendant does not have significant ties to large-scale drug trafficking organizations, gangs, or cartels; and

- The defendant does not have a significant criminal history. A significant criminal history will normally be evidenced by three or more criminal history points but may involve fewer or greater depending on the nature of any prior convictions.

**Timing and Plea Agreements:** If information sufficient to determine that a defendant meets the above criteria is available at the time initial charges are filed, prosecutors should decline to pursue charges triggering a mandatory minimum sentence. However, if this information is not yet available, prosecutors may file charges involving these mandatory minimum statutes pending further information and a determination as to whether a defendant meets the above criteria. If the defendant ultimately meets the criteria, prosecutors should pursue a disposition that does not require a Title 21 mandatory minimum sentence. For example, a prosecutor could ask the grand jury to supersede the indictment with charges that do not trigger the mandatory minimum, or a defendant could plead guilty to a lesser included offense, or waive indictment and plead guilty to a superseding information that does not charge the quantity necessary to trigger the mandatory minimum.

---

[2] The policy set forth herein is not intended to create or confer any rights, privileges, or benefits in any matter, case, or proceeding. *See United States v. Caceres*, 440 U.S. 741 (1979).

[3] As with every case, prosecutors should determine, as a threshold matter, whether a case serves a substantial federal interest. In some cases, satisfaction of the above criteria meant for low-level, nonviolent drug offenders may indicate that prosecution would not serve a substantial federal interest and that the case should not be brought federally.